Rule 44 (h), A.R.Civ.P., treats at least three different questions concerning business records. First, it recognizes an exception to the hearsay rule. Second, it sets forth the procedure for authenticating business records, C. Gamble,McElroy's Alabama Evidence, § 254.01 (3) (3rd ed. 1977). Third, it states that a photostatic or photographic copy "shall be deemed an original" so as to satisfy the best evidence rule.Webb v. Pioneer Insurance Co., 56 Ala. App. 484, 323 So.2d 373
(1975).
There is no best evidence rule issue presented in this case, because we are dealing with a photocopy. The question is whether the copy has been properly authenticated so that it is admissible under the business record exception to the hearsay rule.
Initially, I agree with the defendant's argument that authentication cannot be established by affidavit. There is no question that generally the law requires testimony to be by an in-court witness so as to satisfy requirements of confrontation and cross-examination. I see nothing in Rule 44 (h) that sanctions authentication by affidavit. Dean Gamble refers to "testimony by any witness" when discussing the authentication procedure. Gamble, supra, at § 254.01 (3). Both of the cases cited in the majority opinion involve authentication by witnesses. I have found no case that allows authentication by affidavit. Admittedly, the opinion does not hold that authentication by affidavit is permissible, but it implies that it might be.
Instead, the opinion concludes that Miller's testimony was sufficient to authenticate the record. For the record entry to be admissible, the proponent must show that the entry was made in the regular course of business and that it was the regular course of the business to make such an entry at the time of the event noted or within a reasonable time thereafter. A.R.Civ.P. 44 (h). Miller's testimony was sufficient to authenticate the record, as required by Rule 44 (h). Therefore, the record was properly admitted.
MADDOX and JONES, JJ., concur.